UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID C.,[1]

        Plaintiff,

    v.                                                                 24-CV-453 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

---

## DECISION AND ORDER

Plaintiff David C. brought this action under 42 U.S.C. § 405(g) of the Social

Security Act, seeking review of the decision of the Commissioner of the Social

Security Administration that he was not disabled.  Dkt. 1.  Plaintiff moved for

judgment on the pleadings.  Dkt. 6.  The Commissioner responded and cross-moved

for judgment on the pleadings, to which Plaintiff replied.  Dkts. 8, 9.  For the

reasons that follow, the Court denies Plaintiff's motion and grants the

Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing
Order regarding the naming of plaintiffs in Social Security decisions, this decision
and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB"), filed on January 20, 2021.[2] Tr. 204–08.[3] Plaintiff's application was initially denied, and he requested a hearing before an administrative law judge ("ALJ"). *Id.* at 111–22, 138–52. Following the hearing, at which Plaintiff was represented by counsel, ALJ Paul Georger issued a decision finding that Plaintiff was not disabled. *Id.* at 17–27. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. *Id.* at 1–3; Dkt. 1.

## LEGAL STANDARDS

### I.   DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 589 U.S. 97, 99 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation modified).

---

[2] Plaintiff applied for DIB. To receive DIB, a claimant must show that he became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69–70 (2d Cir. 2022).

[3] The filing at Dkt. 4 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 4 are hereby denoted "Tr. __."

2

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.    DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. § 404.1572. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits

the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c).

Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 404.1545.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof

shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.    THE ALJ'S DECISION

To begin, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 1, 2021, his alleged onset date. Tr. 19. The ALJ also found that Plaintiff suffered from the following severe impairments: "neuropathy of bilateral lower extremities, degenerative disc disease of the cervical and lumbar spine with lumbar spondylosis and radiculopathy, status-post cervical fusion surgery with instrumentation, and obesity." *Id.* at 20. The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 21–22.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform medium as defined in 20 C.F.R. § 404.1567(c) with the following limitations:

> [Plaintiff] can have frequent use of ramps and stairs, occasional use of ladders, ropes, or scaffolds, [and] frequent kneeling, balancing, stooping, crouching[,] and crawling.

*Id.* at 22.

The ALJ then found that Plaintiff was able to perform past relevant work. *Id.* at 26–27. As such, according to the ALJ, Plaintiff had not been under a disability from January 1, 2021, through the date of the decision. *Id.* at 27.

## II.    PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ's finding that Plaintiff was capable of performing medium work was not supported by substantial evidence. *See* Dkt. 6-1 at 8–15. More specifically, Plaintiff argues that the ALJ: (1) failed to reconcile the "persuasive" opinion of Abar Siddiqui, M.D., with the RFC finding; (2) improperly rejected the opinion of V. Baronos, M.D.; and (3) improperly relied on the opinions of John Schwab, D.O., and M. Lawrence, M.D. *Id.* at 9–15. And, Plaintiff says, those errors warrant remand for calculation of benefits. *Id.* at 15–16. For the reasons that follow, this Court disagrees.

## III.    ANALYSIS

### A. Dr. Siddiqui's Opinion

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). That does not mean that an RFC must "perfectly correspond with any of the opinions of medical sources cited in [an ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be based on opinion evidence, *see Rubin v. Martin O'Malley, Comm'r of Soc. Sec.*, 116 F.4th 145, 155 (2d Cir. 2024). So long as an ALJ considers all the medical evidence and appropriately analyzes any medical opinions, an RFC consistent with the record is not error. *See* 20 C.F.R. § 416.945; *Cichocki v. Astrue*, 729 F.3d 172, 177

6

(2d Cir. 2013) (holding that remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

On June 16, 2021, Dr. Siddiqui completed an internal medicine examination of Plaintiff. *See* Tr. 557–61. Dr. Siddiqui diagnosed Plaintiff with low back pain, neck pain, bilateral knee pain, left ankle pain, hypertension, and sleep apnea. *Id.* at 561. And Dr. Siddiqui opined that Plaintiff had "mild limitations for prolonged standing, prolonged walking, climbing stairs, pushing, pulling, and carrying heavy objects." *Id.*

The ALJ found Dr. Siddiqui's opinion "persuasive," noting that it was "supported by not only the longitudinal evidence of record, but also . . . thorough in person examinations of [Plaintiff]." *Id.* at 26. Plaintiff argues that, despite finding Dr. Siddqiui's opinion "persuasive," the ALJ failed to account in the RFC for limitations about which Dr. Siddiqui opined—namely, a "mild limitation for carrying heavy objects." Dkt. 6-1 at 10. Plaintiff's argument, however, is misplaced.

The RFC restricted Plaintiff to, among other things, "medium work." Tr. 22. Courts in this Circuit repeatedly have held that such restrictions account for limitations like the one Dr. Siddiqui found. *See, e.g., John M. v. Comm'r of Soc. Sec.*, 2025 WL 395909, at *8 (W.D.N.Y. Feb. 5, 2025) ("Findings . . . that Plaintiff has moderate physical limitations . . . may be consistent with performing medium

work."); *Cain S. v. Comm'r of Soc. Sec.*, 2022 WL 17252414, at *4 (W.D.N.Y. Nov. 28, 2022) ("Indeed, courts in this Circuit have also concluded [that] an RFC for medium work [is] consistent with mild[-]to[-]moderate limitations." (citation modified)); *Christopher T.L. v. Comm'r of Soc. Sec.*, 2021 WL 9629024, at *5 (W.D.N.Y. Jan. 21, 2021) ("Courts have found that moderate exertional limitations actually support an RFC for light or medium work."). In sum, the restrictions in the RFC—limiting Plaintiff to "medium work"—accounted for the limitations in Dr. Siddiqui's opinion. *See* Tr. 22.

Plaintiff also argues that the ALJ erred by failing to "explain how Dr. Siddiqui's 'persuasive opinion' that Plaintiff would have limitations for heavy lifting was nonetheless consistent with an RFC for medium work." Dkt. 6-1 at 12. But "[a]n ALJ does not have to state on the record every reason justifying a decision." *Valdez-Ocasio v. Kijakazi*, 2023 WL 3573761, at *1 (2d Cir. May 22, 2023) (quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683, F.3d 443, 448 (2d Cir. 2012)). Rather, so long as an ALJ's decision provides "an adequate basis for meaningful judicial review . . . and is supported by substantial evidence," the ALJ does not err. *Cichocki*, 729 F.3d at 177. That is the case here.

In sum, the ALJ crafted an RFC that was consistent with Dr. Siddiqui's opinion and with the medical evidence in the record. Plaintiff's first argument, therefore, is without merit.

**B. Dr. Lawrence's and Dr. Schwab's Opinions**

In general, "medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ['s] finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016) (summary order).  But "the Second Circuit has affirmed that an ALJ is entitled to assign great weight to a state agency consultant who has not reviewed the entire longitudinal record, so long as the subsequent treatment notes and opinion evidence does not differ materially from the evidence reviewed by the consultant." *Stephanie G. v. Comm'r of Soc. Sec.*, 2024 WL 493501, at *3 (W.D.N.Y. Feb. 7, 2024) (citing *Camille*, 652 F. App'x at 28 n.4).  The ALJ here did just that.

On June 28, 2021, Dr. Lawrence completed a physical RFC assessment of Plaintiff.  *See* Tr. 77–80.  Dr. Lawrence opined that Plaintiff could lift up to twenty-five pounds frequently and up to fifty pounds occasionally.  *Id.* at 77.  Dr. Lawrence also found that Plaintiff could sit, walk, or stand for about six hours in an eight-hour workday.  *Id.*  And Dr. Lawrence concluded that, "[b]ased on the seven strength factors of the physical RFC (lifting/carrying, standing, walking, sitting, pushing, and pulling)," Plaintiff was capable of performing medium work.  *Id.* at 80.

A few months later, on November 30, 2021, Dr. Schwab completed an internal medicine examination of Plaintiff.  *See id.* at 621–24.  Dr. Schwab diagnosed a history of fusion of the cervical spine, history of back ache, and arthralgia of the left knee and ankle.  *Id.* at 623.  And Dr. Schwab opined that

Plaintiff had "mild restrict[ions in] prolonged walking, climbing stairs, and [climbing] ladders." *Id.*

In the interim, on September 29, 2021, and November 22, 2021, Plaintiff underwent an MRI of his lumbar spine and EMG and NCV testing, respectively. *See id.* at 599, 612. Plaintiff's MRI revealed a "[l]eft lateral disc herniation [at] L4–L5 with [an] oblong shaped sequestered disc fragment coating and displac[ement of] the exiting nerve root" and "[m]ild annular disc bulges [at] L2–L3, L3–L4[,] and L4–L5 without spinal stenosis." *Id.* at 611. Plaintiff's EMG and NCV testing also revealed "[s]ensory neuropathy of the lower extremities, mild in severity," "[n]o electrical evidence of tibial or peroneal neuropathy," and "[n]o electrical evidence of lumbar radiculopathy." *Id.* at 612. Plaintiff argues that because Dr. Lawrence did not review those studies and Dr. Schwab did not indicate whether he reviewed them, the ALJ was not entitled to rely on Dr. Lawrence's and Dr. Schwab's opinions. Dkt. 6-1 at 14.

To begin, the ALJ discussed Plaintiff's studies in detail. *See* Tr. 24. For example, the ALJ noted that "[i]maging in the form of an MRI . . . showed at L2–3 and L3–4 [that] there are mild annular disc bulges without any spinal stenosis" and "at L4–5[,] there is a[n] . . . oblong shaped non-enhancing structure . . . most likely representing a herniated disc with sequestered disc fragment." *Id.* The ALJ also noted that "at L4–5[,] there is a superimposed mild annular disc bulge and facet arthrosis resulting in mild foraminal stenosis bilaterally." *Id.* And the ALJ explained that "electromyography evidence demonstrated sensory neuropathy of the

10

lower extremities [that is] mild in severity [with] no electrical evidence of tibial [neuropathy], peroneal neuropathy or lumbar radiculopathy." *Id.* It is not clear, however, that this "later-received evidence 'raise[s] doubts as to the reliability of'" Dr. Lawrence's and Dr. Schwab's opinions. *Bamberg v. Comm'r of Soc. Sec.*, 2019 WL 5618418, at *5 (W.D.N.Y. Oct. 31, 2019) (quoting *Camille*, 652 F. App'x at 28 n.4).

In any event, even if Plaintiff were correct that subsequent studies rendered Dr. Lawrence's opinion stale, the same could not be said for Dr. Schwab's opinion. As noted above, Dr. Schwab's opinion was issued on November 30, 2021, *see id.* at 624, *after* Plaintiff's MRI, EMG, and NCV studies were performed, *see id.* at 599, 612. And Dr. Schwab based his opinion on an in-person examination of Plaintiff, which revealed no abnormalities in the cervical or thoracic spine; lumbar spine "flexion 60 degrees, extension 10 degrees, full lateral flexion bilaterally, and full rotary movement bilaterally;" "[s]trength 5/5 in [the] upper and lower extremities;" and "[g]rip strength 5/5 bilaterally." *Id.* at 623. In other words, even if Plaintiff's condition changed after Dr. Lawrence's opinion was issued, Dr. Schwab's examination and opinion accounted for that change.

At its core, Plaintiff's argument is a disagreement with the ALJ's weighing of the evidence. But it is not the function of this Court to re-weigh evidence or determine *de novo* whether Plaintiff is disabled. *See Schaal v. Apfel*, 134 F.2d 496, 501 (2d Cir. 1998). Because the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole,"

11

*Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013), and because the ALJ did that, his decision was supported by substantial evidence, and this Court will not second-guess it, *see Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) ("Even where the administrative record may adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence."). Plaintiff's second argument, therefore, lacks merit as well.

### C. Dr. Baronos's Opinion

Under 20 C.F.R. § 416.920c, an ALJ must articulate how he or she considered certain factors in assessing medical opinions and prior administrative medical findings. *See* 20 C.F.R. § 416.920c(a)-(c). Those factors are: (1) supportability, (2) consistency, (3) relationship with the claimant (which has five sub-factors of its own to consider), (4) specialization, and (5) other factors. *Id.* § 416.920c(b)(1). An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion or prior administrative medical finding but need not expound upon the remaining three. *Id.* § 404.920c(b).

With respect to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* § 416.920c(c)(1). As to consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical

sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 416.920c(c)(2).

On December 27, 2021, Dr. Baronos completed a physical RFC assessment of Plaintiff. *See* Tr. 98–104. Dr. Baronos opined that Plaintiff could lift up to ten pounds frequently and up to twenty pounds occasionally. *Id.* at 99. Dr. Baronos also found that Plaintiff could sit, stand, or walk for about six hours in an eight-hour workday. *Id.* And Dr. Baronos found Plaintiff could occasionally climb ramps, stairs, ladders, ropes, and scaffolds; balance; stoop; kneel; crouch; and crawl. *Id.* at 99–100. Dr. Baronos concluded that, notwithstanding Plaintiff's impairments, Plaintiff had the RFC to perform past relevant work. *Id.* at 103.

The ALJ found Dr. Baronos's opinion "unpersuasive." *Id.* at 26. In doing so, the ALJ explained that Dr. Baronos's opinion was "not supported by the evidence which shows stable findings[] in the context of only routine treatment." *Id.* But the ALJ did not explicitly discuss the supportability and consistency factors as the regulations required. *See id.* The ALJ's failure to do so was error. *See Loucks v. Kijakazi*, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022).

The Court's inquiry does not end there, however. An ALJ's error is harmless if "a searching review of the record assures [the Court] that the substance of the [regulation] was not traversed." *Id.* at *2 (citation modified) (citing *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019)). In other words, the Court may affirm the ALJ's decision if "the record provides 'good reasons' for assigning 'little weight' to"

Dr. Baronos's opinion. *Estrella*, 923 F.3d at 95 (citing *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)). The record here provides such reasons.

A searching review of the record reveals that Dr. Baronos's opinion was inconsistent with the other medical opinion evidence. *See Spottswood v. Kijakazi*, 2024 WL 89635, at *1 (2d Cir. Jan. 9, 2024) (describing "consistency" as "how consistent an opinion is with other evidence in the record"). For example, and as noted above, the ALJ considered the opinions of Drs. Siddiqui, Lawrence, and Schwab. *See* Tr. 26. Dr. Siddqui found only mild limitations in "prolonged standing, prolonged walking, climbing stairs, pushing, pulling, and carrying heavy objects." *Id.* at 561. Likewise, Dr. Schwab found that Plaintiff had only mild limitations in "prolonged walking, climbing stairs, and [climbing] ladders." *Id.* at 623. And Dr. Lawrence concluded that Plaintiff could lift up to twenty-five pounds frequently; lift up to fifty pounds occasionally; sit, stand, and walk for about six hours in an eight-hour workday; and was capable of performing medium work. *Id.* at 77, 80. Certainly, those opinions were inconsistent with Dr. Baronos's opinion that Plaintiff was capable of performing only light work. *See id.* at 98–101.

In sum, Dr. Baronos's opinion was inconsistent with the other medical opinion evidence in the record. As such, the ALJ had "good reasons" to assign that opinion "little weight." *See Estrella*, 925 F.3d at 96. While the ALJ failed to discuss adequately the supportability and consistency factors as required, that failure was harmless error. *See Loucks*, 2022 WL 2189293, at *2. Plaintiff's final argument is therefore without merit.

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 8) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 6).  The Clerk of the Court shall close this case.

SO ORDERED.

Dated:       May 5, 2026
             Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

15